Chief Justice Boxee
delivered the Opinion of the Court.
This is a writ of error to a judgment, laken by default, in an action of covenant, brought by the defendant in error against the plaintiff. The only point relied on is, that the breach of the covenant alleged in the declaration is insufficient.
By the writing declared on, the plaintiff in error “ agreed to deliver to William Haskins, on or be-<s fore the first rise, after the first of November “ next ensuing the date of the agreement, four hunu dred and fifty bushels of stone coal, at the mouth iC of Tate’s creek, on the North side of the Kentucky river, at one shilling per bushel.”
The writing bears date the 3rd of July, 1821, and *10 was assigned by Haskins to the defendant in error, the 22nd of April 1822, who brought this suit on the 21st of May, 1822.
Assignment of ■¡breach held iítsuffoicBt.
When the breach may foe assigned in the words of tbe covenant, and when not.
-An -agre ement to deliver a certain quantity ofan article, at a certain place, on or before the fii st rise in the Ky. river rrfteraeertain
And for a breach of the covenant he alledges in substance:
“That heretofore, to wi(: on the day of there was a good and sufficient tide or rise to have delivered the said four hundred and fifty bushels of stone coal, in manner and as the said defendant was by his said writing obligatory bound; and that the said plaintiff then, and at the place the said coal wits to have been delivered, to wit,, at the mouth of Tate’s creek, on the north side of the river, attended with the money, at the rate of one shilling per bushel, and then and there remained until the uttermost convenient hour of the day, ready and willing to pay the said defendant, in money, what the said coal then and there should amount to, at the rate of one shilling per bushel; yet the said defendant not regarding his said covenant, hath broken the'samo in this: that he did not deliver the said four hundred and fifty bushels of stone coal on or before the first rise after the first day of November next ensuing tbe date of his covenant to said Haskins, nor at any time thereafter before tbe assignment of the covenant, to the plaintiff, nor has he delivered it to the plaintiff since.”
This we are of opinion is an insufficient assignment of a breach, to entitle the defendant in error to maintain bis action upon the covenant declared on. Had the covenant been general to deliver the coal, without any act to be done on the part of the defendant in error, or his assignor, the general breach, as alledged in the latter part of the declaration negativing the.words oí' the covenant, would have been sufficient.
Rut the covenant was not to deliver the coal generally and absolutely, but at the price of one shilling per bushel; and according to the fair interpretation of the agreement, the price was to be paid at the time and place appointed for the delivery of the coal.
The payment of the price, therefore, and the delivery of the coal being concurrent acts, there could *11 be «0 breach of the covenant to deliver the coal without a payment, or an offer of the payment, of the-price at the time and place appointed for the delivery of the coal. Of this, indeed the writer of the' declaration seems to have been aware, and he has, therefore, attempted to aver a tender or offer to pay the-price, but when it was made is left wholly uncertain»
date, “at one shilling per bushel,” is not a covenant to deliver the article absolutely, but oa condition the- price" bothen and there tendered.
Declaration onsuchaoovV^mcnt* or atender of the money at artidebo-11'8 came duo
Caperton, for plaintiff.
The day being blank we do uot suppose is material, and any uncertainty arising on that ground; would have been disregarded, if it had been otherwise shewn to have been the day on which the plaiiv tiff in error had bbund himself to deliver the coal;: but this is not shewn. He was not bound to deliver it, only on or before the first rise in the river after' the. first day of November next ensuing the contrart; but whether the rise in the river when the offer of the price is alleged to have been made,, was. the first rise after the first of November next ensuing the contract, is not avered. It does not even appear whether it was before or after the first of November; and if it were taken to be after, still, as It is not avered to be the first rifo after,' it may have been, for any thing that appears to the contrary, the second, third or fourth; and a tender or readiness to-pay the price on any other than the first would be-insufficient to give a right to maintain an action fop a failure to deliver the coal.
The judgment must be reversed, with costs, and the cause be remanded, that proceedings may be had? commencing with the declaration.